## ANTHONY *vs.* PITTMAN.

1. In a suit on a promissory note, a plea having been filed that the endorser was discharged by reason of the failure of the holder to protest and give notice, and the latter claiming that protest and notice had been waived, it was error to charge the jury that certain facts, if they occurred, would authorize the holder to believe that protest and notice were waived. The issue was not as to his belief, but as to the actual existence of a waiver.

2. If the indorser of a promissory note waives protest and notice, a subsequent effort by the holder to have the note protested would not affect the waiver already made. The fact of waiver being in issue, a subsequent effort to protest the note made by the holder could be proved as tending to show that what had transpired did not amount to a waiver, but would not be conclusive on that point.

3. Where a note sued on was made payable at a national bank on its face, and a plea of discharge to the endorser, by reason of a failure of the holder to have protest made and notice given was filed, parol testimony was not admissible to show that the note had never been negotiated or left at a chartered bank for collection, and was not intended to be so negotiated or collected.

Indorsement. Promissory notes. Waiver. Before Judge HILLYER. Fulton Superior Court. October Term, 1880.

Reported in the decision.

D. F. & W. R. HAMMOND, for plaintiff in error.

HOPKINS & GLENN, for defendant.

CRAWFORD, Justice.

Daniel Pittman endorsed a note for $200.00 for Odell & Knight, payable at the Atlanta National Bank, and due at ninety days, though the word days was omitted in the note. It was not met at maturity, and the makers and endorsers were sued upon it. The endorser pleaded his discharge because the note was not protested for non-payment and notice thereof given him, as required by law.

The holder relied upon a waiver by the endorser, upon which the parties were at issue, and the case went to the jury. A verdict was found for the plaintiff for the full amount of the note, and the endorser moved for a new trial on several grounds involving matters of law and matters of fact. The court granted the motion upon the ground that the jury found contrary to the law as given them in charge. To this judgment of the court error is assigned. A further assignment is also made upon the ground that the court refused to allow testimony to show that the note sued on was given for money originally borrowed of the plaintiff, and was in renewal of one of a similar kind which had been renewed several times, and had never been negotiated or left at a chartered bank for collection, nor was the one sued intended to be negotiated at the bank at which it was made payable.

It has been ruled so often by this court that the first grant of a new trial will not be interfered with, unless it appears clearly from the record that the judge has abused his discretion, or that the law and the facts require the verdict, that it would seem to be a matter thoroughly recognized and settled, still it is not, and we proceed to a consideration of the questions made by this record.

1. The court instructed the jury that, though the endorser was entitled to notice of non-payment, yet he might waive it by his words or conduct with the holder of the note, and if he promised him to see the makers and have it arranged, and told him to hold up a few days, or words to that effect, this would authorize Anthony, the holder, to believe that protest and notice were waived, and if he omitted on that account to have the note protested, then the endorser would be still liable.

The question made by the special plea of the endorser was, that the note was not protested for non-payment and notice thereof given to him, as the law required. To meet this plea the plaintiff claimed that the endorser had waived it, so that the issue was waiver or no waiver, and not what

would or would not authorize Anthony to believe that it had been waived. This appears to us as rather changing the issue made by the plea.

2. Another error complained of in the motion for a new trial is, that the judge charged the jury that if there were an express waiver, and the holder went to the bank to have the note protested, such an act left the endorser still liable ; but if the holder relied on an implied waiver, claiming that he was misled by the endorser, and therefore neglected to have the note protested, and afterwards attempted to do so, and was prevented by what the officers of the bank told him, and not by what the endorser told him, then there could be no implied waiver.

The matter of waiver necessarily rested with the endorser, Pittman, and whether expressed or implied depended upon what he did, and not upon what Anthony did. How, then, an effort by the latter to have his note protested could have changed, modified or affected any waiver by the former. is not apparent to this court. The most that it could have been, was a circumstance tending to show that what had transpired between himself and Pittman did not amount to a legal waiver, and therefore this effort on his part to have his note protested, but certainly it was not conclusive against him on the question of waiver.

3. The second assignment of error is, that the court refused to allow proof to show, that the note sued had never been negotiated, or left at a charted bank for collection, nor that it was intended to be negotiated at the bank at which it was made payable. This note was made payable on its face at the Atlanta National Bank. In the case of *Falk & Co. vs. Rothschild*, 61 *Ga.*, 595, it was ruled that a national bank was a chartered bank within the meaning of §2781 of the Code, and that a note payable at one entitled the endorser to notice of non-payment.

Not only has this court so ruled, but the legislature has expressly declared that protest and notice is not necessary to bind endorsers except in certain specified cases, and a

paper payable on its face at a bank or banker's office is of that class which requires it. Acts, 1876, p. 18.

All that the codifiers intended to do, as we think, was to drop out of this class of bills and notes such simply as might be deposited in a chartered bank for collection when they were not made for the purpose of negotiation, or intended to be negotiated or made payable at any chartered bank. The testimony therefore offered was properly refused. We think that the judgment of the court in granting the new trial was right and must be sustained.

Judgment affirmed.